**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*

Ravi Sinha
Natalie K. Wight
Assistant U.S. Attorneys
(503) 727-1000
*Reply to Portland Office*

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564



**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Billy J. Williams, United States Attorney

August 30, 2019

Francesca Freccero
Assistant Federal Public Defender
101 SW Main Street, Suite 1700
Portland, OR 97204

Re:   *United States v. Anthony Wayne Dewey*, Case No. 18-Cr-00308-BR
       Plea Agreement Letter

Dear Francesca,

Here is the United States' Plea Agreement in this matter:

1.   **Parties/Scope**:  This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority, except as specifically provided herein.  This agreement does not apply to any charges other than those specifically mentioned herein.

2.   **Charges**:  Defendant is charged by Information with one count of production of child pornography, in violation of 18 U.S.C. § 2251(a).

3.   **Guilty Plea**:  Defendant agrees to plead guilty to Counts 1 and 2 of a Superseding Information, charging him with two counts of production of child pornography in violation of 18 U.S.C. § 2251(a).

4.   **Penalties**:  Each count of the Superseding Information carries a maximum term of imprisonment of 30 years, a mandatory minimum term of imprisonment of 15 years, a $250,000 fine, a term of supervised release of five years to life, and a $100 statutory fee assessment.  *Defendant will be required to register as a sex offender*.  Defendant may also be required to pay restitution to any victim of either offense of conviction.  Defendant agrees to pay the total fee assessment by the change of plea hearing or explain to the court why he cannot do so.

5.  **Sex Offender Registration**:  Defendant understands that under the federal Sex Offender Registration and Notification Act, he must register as a sex offender and keep the registration current in any state in which he resides, is employed, or is a student.  Defendant understands that he must update his registration no later than three business days following any change of name, residence, employment, or student status.  Defendant further understands that failure to comply with these obligations may subject him to prosecution under federal and/or state law for failing to register as a sex offender.

6.  **No Additional Prosecution**:  In exchange for defendant's plea of guilty to Counts 1 and 2 of the Superseding Information, the USAO agrees to neither file nor seek any new or additional federal criminal charges against defendant in the District of Oregon, presently known to the USAO, arising out of the investigation in this case.

7.  **Sentencing Factors**:  With respect to this federal case, the parties agree that the court must determine an advisory sentencing guideline range pursuant to the United States Sentencing Guidelines (U.S.S.G.).  The court will then determine a reasonable sentence within the statutory range after considering the advisory sentencing guideline range and the factors listed in 18 U.S.C. § 3553(a).  The parties' agreement herein to any guideline sentencing factors constitutes proof of those factors sufficient to satisfy the applicable burden of proof.

8.  **Relevant Conduct**:  The parties agree that defendant's relevant conduct, as defined in U.S.S.G. § 1B1.3, includes all of the unlawful conduct alleged in the Superseding Information.  For sentencing purposes, the parties agree that the following guideline calculations apply in this case:

~~Second~~

Count 1 of the Superseding Information:

> Base offense level [U.S.S.G. §§ 2G2.1(a)(1)].................................................... 32
> Victim under 16 years of age [§ 2G2.1(b)(1)] .................................................. +2
> Use of a computer [§ 2G2.1(b)(6)] ................................................................ +2
> **Adjusted offense guideline level ........................................................36[1]**

/ /

/ /

---

[1] The United States believes that the two-level enhancement of U.S.S.G. § 2G2.1(b)(5) applies.  Defendant disagrees that the minor was in his custody, care, or under his supervisory control.  However, this issue does not affect the ultimate Guidelines level because of the higher Guidelines concerning Count 2.

*Z. I.*
*sign*

Count 2 of the Superseding Information:

Base offense level [U.S.S.G. §§ 2G2.1(a)(1)].........................................................32
Victim under 12 years of age [§ 2G2.1(b)(1)] .....................................................+4
Sex act and 18 U.S.C. § 2241(a) conduct (force) [§ 2G2.1(b)(2)(B)] .................+4
Sadistic or masochistic conduct [§ 2G2.1(b)(4)] ................................................+4
Relationship to minor victim [§ 2G2.1(b)(5)].....................................................+2
Use of a computer [§ 2G2.1(b)(6)] .....................................................................+2

Repeat and Dangerous Sex Offender [U.S.S.G. § 4B1.5(b)(1)] ...........................+5

Except as provided below, the parties agree that no additional specific offense
characteristics or cross-references as set forth in U.S.S.G. §§ 2G2.1 or 2G2.2, and no
aggravating or mitigating factors as set forth in U.S.S.G. Chapter Three, presently apply
to this case.

Adjusted Offense Level

The United States believes that, given the above-listed guidelines calculation, the
adjusted offense level before the acceptance of responsibility reduction will be 53.

Defendant disagrees. He maintains that the adjusted offense level before the acceptance
of responsibility reduction is never higher than 43. *See USA v. Jason Dunlap*, currently
pending in the Ninth Circuit Court of Appeals, 19-30029.

Because this Court must determine the Guidelines that apply in this case, Defendant
preserves the argument regarding the adjusted guideline level only in the event this Court
sentences defendant higher than the range contemplated by the agreement of the parties,
or Total Offense Level 41.

9.      **Acceptance of Responsibility**: Defendant must demonstrate to the court that he
fully admits and fully accepts responsibility for his unlawful conduct in this case. If
defendant does so, the USAO agrees to recommend a three-level reduction for acceptance
of responsibility under U.S.S.G. § 3E1.1. The USAO reserves the right to change this
recommendation if defendant, between plea and sentencing, commits any new or
additional criminal offense, obstructs or attempts to obstruct justice as explained in
U.S.S.G. § 3C1.1, or does anything inconsistent with acceptance of responsibility as
explained in U.S.S.G. § 3E1.1.

10.  **Sentencing Recommendation**: So long as defendant demonstrates an acceptance of responsibility and fulfills his obligations under this agreement, the parties agree to jointly agree to recommend a sentence of 324 months' incarceration followed by lifetime supervised release.

11.  **Abandonment of Property**: By signing this agreement, defendant knowingly and voluntarily agrees to abandon all right, title, and interest in and to the property listed in the Abandonment Form. Defendant admits that said property contains visual depictions of minors engaged in sexually explicit conduct, or was used or intended to be used to commit or promote the commission of the offenses alleged in Counts 1 and 2 of the Superseding Information.

12.  **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of his conviction and sentence on any grounds, unless (1) the sentence imposed exceeds the statutory maximum; (2) the court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of U.S.S.G. Chapters 4 or 5K; or (3) the court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory sentencing guideline range. If defendant seeks an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on the ground of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).

13.  **Court Not Bound**: Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the Court is not bound to adopt or accept the recommendations of the parties or the presentence report writer. Defendant may not withdraw any guilty plea or rescind this plea agreement if the court does not follow the agreements or recommendations herein.

14.  **Full Disclosure/Reservation of Rights**: The USAO reserves the right to oppose or contest any argument made or motion filed by defendant at any time. The USAO also reserves the right to challenge statements of fact or guideline calculations in the presentence report, and will fully inform both the court and the U.S. Probation Office of the facts of this case and the bases for its recommendations.

15.  **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offense between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

16.  **Elements and Facts**: Defendant understands and admits that he committed the following elements of Counts 1 and 2 of the Superseding Information:

*[handwritten: First Second]*

Count 1 of the Superseding Information:

a.  During the timeframe alleged in Count 1 of the Superseding Information, defendant knowingly employed, used, persuaded, induced, enticed, or coerced a minor to engage in sexually explicit conduct, as that term is defined in 18 U.S.C. § 2256(2);

b.  He did so for the purpose of producing a visual depiction of that conduct; and

c.  A visual depiction was produced and was then actually transported into the District of Oregon using a means or facility of interstate or foreign *[handwritten: First Second]* commerce and in or affecting interstate or foreign commerce.

Count 2 of the Superseding Information:

*[handwritten: First Second]*

a.  During the timeframe alleged in Count 2 of the Superseding information, defendant knowingly employed, used, persuaded, induced, enticed, or coerced a minor to engage in sexually explicit conduct, as that term is defined in 18 U.S.C. § 2256(2);

b.  He did so for the purpose of producing a visual depiction of that conduct; and

c.  Two visual depictions were produced and both were then transported into the District of Oregon using a means or facility of interstate or foreign commerce and in or affecting interstate or foreign commerce.

*[handwritten: First Second]*

For Count 1 of the Superseding Information, defendant further admits that, during the charged timeframe, he secretly set up a hidden video camera in a bathroom to surreptitiously record the naked genitals of minor while the minor used a toilet. After making the recording—which included the graphic and lascivious display of the minor's naked genitals—defendant transported it across a state line, into Oregon.

For Count 2 of the Superseding Information, defendant further admits that, during the charged timeframe, he created two video recordings showing him using force to accomplish sexual intercourse, as defined in 18 U.S.C. § 2256(2)(A), including sexual penetration of an unresponsive minor who had not reached the age of 12 and who was related to him and in his care. After making the recordings, he transported them across state lines and into Oregon.

17.    **Restitution**: The Court shall order restitution to each victim in the full amount of each victim's losses as determined by the Court. Defendant agrees to pay restitution for all losses proximately caused by defendant's conduct, regardless of whether counts of the Information dealing with such losses will be dismissed as part of this plea agreement.

Defendant understands and agrees that the total amount of any monetary judgment that the court orders defendant to pay will be due and payable immediately. Defendant further understands and agrees that pursuant to Title 18, United States Code, Section 3614, he may be resentenced to any sentence that could have originally been imposed if the court determines that he knowingly and willfully refused to pay restitution as ordered or failed to make sufficient bona fide efforts to pay restitution. Additionally, defendant understands and agrees that the government may enforce collection of restitution imposed in this case pursuant to Title 18, United States Code, Sections 3572, 3613, and 3664(m), notwithstanding any initial or subsequently modified payment schedule set by the court. Defendant understands that any monetary debt he owes in connection with this matter may be included in the Treasury Offset Program (TOP) to potentially offset his federal retirement benefits, tax refunds, and other federal benefits.

Pursuant to Title 18, United States Code, Section 3612(b)(F), defendant understands and agrees that until a restitution order is paid in full, he must notify the United States Attorney's Office of any change in his mailing address or residence address within 30 days of the change. Further, pursuant to Title 18, United States Code, Section 3664(k), defendant must immediately notify the court and the U.S. Attorney's Office of any material change in his economic circumstances that might affect his ability to pay restitution, including but not limited to new or changed employment, increases in income, inheritances, monetary gifts, or any other acquisition of assets or money.

18.    **Total Agreement**: This letter states the full extent of the agreement between the parties. There are no other promises, representations, or agreements, either express or implied, by or between the parties. Defendant agrees that no officer, employee, or agent

/ /

of the United States has threatened or coerced him to induce him to accept this offer.

If defendant wishes to accept this offer under the terms and conditions set forth herein, both of you should sign and date this letter in the spaces provided below. Please attach the signed original to the plea petition, and send me a copy at your earliest convenience.

Very truly yours,

BILLY J. WILLIAMS
United States Attorney

RAVI SINHA
NATALIE K. WIGHT
Assistant United States Attorneys

I FREELY AND VOLUNTARILY ACCEPT THE TERMS AND CONDITIONS OF THIS PLEA OFFER, AFTER FIRST REVIEWING AND DISCUSSING EACH PART OF IT WITH MY ATTORNEY. I AM SATISFIED WITH THE LEGAL ASSISTANCE PROVIDED TO ME BY MY ATTORNEY. I WISH TO PLEAD GUILTY BECAUSE I AM GUILTY.

OCTOBER, 4, 2019
Date

Anthony Wayne Dewey
Defendant

I am legal counsel for defendant. I have carefully reviewed and discussed every part of this plea offer with defendant. To my knowledge, defendant's decisions to accept this agreement and to plead guilty are informed and voluntary ones.

10/4/2019
Date

Francesca Freccero
Attorney for Defendant