SCOTT ERIK ASPHAUG, OSB #833674
United States Attorney
District of Oregon
**NATALIE K. WIGHT, OSB #035576**
Assistant United States Attorney
natalie.wight@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | 3:18-cr-00308-SI |
| v. | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **ANTHONY WAYNE DEWEY,** | |
| Defendant. | |

INTRODUCTION

This case involves defendant's sexual exploitation of minor victim 1 and the sexual assault and exploitation of minor victim 2. The parties jointly recommended a sentence of 324-months followed by a lifetime term of supervision. United States Probation supports the joint recommendation.

**Government's Sentencing Memorandum**            Page 1

## FACTUAL BACKGROUND

The government concurs with the detailed summary of the offense conduct in the Presentence Report (PSR) and recommends the Court use the fact summary as a basis for sentencing defendant.

In August 2017, law enforcement executed a search warrant at defendant's residence in Columbia County, Oregon, based on evidence that he had sexually abused a minor victim (MV2) and had recorded it by taking photographs. PSR ¶¶ 15-18; 31. Law enforcement seized numerous videos that documented defendant's rape and abuse of MV2 over the course of five years, when MV2 was 4 to 11 years old. The sexual exploitation of the child occurred at both of defendant's residences in Washington and Oregon. PSR ¶¶ 31-39.

During the search, law enforcement also found hidden-camera videos of another minor victim (MV1) using a toilet. PSR ¶¶ 41-43. Law enforcement learned that defendant had been convicted of criminal intent in 2009, when he hid a camera in the bathroom of his residence in Cowlitz County, Washington, but no actual video had been disclosed or recovered at that time. PSR ¶ 84.

Defendant was originally charged in Columbia County, Oregon, with Sexual Abuse I, but the charges were dismissed in lieu of the federal case, initially charged by Complaint in this Court in February 2018. PSR ¶ 90. In November 2019, defendant plead guilty to a Second Superseding Information charging him with two-counts of

production of child pornography in violation of 18 U.S.C. § 2251(a) and (e). Defendant has remained in custody since his arrest in August 2017.

### GUIDELINE COMPUTATION & SENTENCE RECOMMENDATION

The government agrees with the final computation in the PSR:

| Enhancement: Counts 1 & 2 Overlay | Calculation |
|---|---|
| Base—U.S.S.G. § 2G2.1(a) | 32 |
| Victims Under Age 12—§ 2G2.1(b)(1)(A) | +4 |
| Sex Acts—§ 2G2.1(b)(2)(A) | +2 |
| Sadistic/Masochistic Conduct—§ 2G2.1(b)(4)(A) | +4 |
| Child in Care/Custody/Supervision—§ 2G2.1(b)(4)(A) | +2 |
| Use of a Computer—§ 2G2.1(b)(6) | +2 |
| Multiple Count Adjustment—§ 3D1.4 | +1 |
| Pattern of Activity—U.S.S.G. § 4B1.5(b) | +5 |
| Acceptance of Responsibility—§ 3E1.1 | -3 |
| | |
| **Adjusted Total Offense Level** | **43** (max offense level) |
| **Criminal History Category** | III |
| **Resulting Guideline Range** | 720 months (stat max) |

Defendant's acceptance of responsibility came early, and he agreed to plead guilty to Counts 1 and 2 of the Second Superseding Information, therefore the government recommends a three-level reduction. U.S. Probation joins in the parties' recommendation of 324-months with a lifetime term of supervision to follow.

There is no dispute that defendant's abhorrent conduct must bear a substantial punishment commensurate with the level of harm he committed against his minor victims. The victims in this case were particularly vulnerable, and the harm that they

endured at the hands of defendant was at the forefront of the parties' plea negotiations. By defendant accepting a plea and taking responsibility for his actions, the victims can be spared further harm that can often occur through re-traumatization at trial. Moreover, defendant is a 60-year-old man with significant health issues, and it is not lost on either party that a 324-month sentence could mean defendant spends the remainder of his life in prison. The government also appreciates that defendant's medical mitigation materials are submitted for consideration by the Court at sentencing and are not meant to overshadow the harm he caused to the victims.

In this case, a 324-month sentence with a lifetime term of supervision, is sufficient, but not greater than necessary, to comply with the factors set forth in 18 U.S.C. § 3553(a), to include, *inter alia*, the need to provide just punishment, adequate deterrence, and to protect the public from further crimes committed by defendant.

## CONCLUSION

Based on the foregoing, the government recommends the Court impose the jointly recommended sentence of 324 months followed by a lifetime term of supervised release.

Dated: January 20, 2022    Respectfully submitted,

SCOTT ERIK ASPHAUG
United States Attorney

*Natalie K. Wight*
NATALIE K. WIGHT, OSB #035576
Assistant United States Attorney